**Jack SILVER, Appellant,**

v.

**Fred R. DICKSON et al., Appellees.**

No. 22129.

United States Court of Appeals
Ninth Circuit.

Nov. 8, 1968.

Rehearing Denied Dec. 13, 1968.

Jack Silver, in pro per.

Thomas C. Lynch, Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Daniel J. Kremer, John L. Giordano, Deputy Attys. Gen., Sacramento, Cal., for appellees.

Before JONES,* BARNES and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge:

This is a civil rights action commenced pursuant to Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1964), and other provisions of the Civil Rights Act.

The plaintiff, Jack Silver, is in California penal custody under convictions and sentences for attempted murder, possession of narcotics, and escape. He has been imprisoned since July 30, 1959, except for a few days in 1962 when he was an escapee. Silver's sentence for escape, imposed in 1962, is an indeterminate life sentence consecutive to his sentences on the other two convictions. Silver has seven times been denied parole.

In his amended complaint, Silver named thirteen defendants, all of whom are employees of the State of California. Other papers in the file indicate that the defendants include members of the California Adult Authority and certain prison officials. Silver seeks substantial monetary damages from each defendant. He does not seek injunctive relief, nor does he seek his release from prison.

Pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, defendants moved to dismiss the action on the ground that the amended complaint fails to state a claim upon which relief can be granted. In support of their motion to dismiss, defendants presented matters outside the pleadings and such matters were not excluded by the district court in acting upon the motion. It was therefore necessary for the district court to treat the motion as one for summary judgment under Rule 56, Federal Rules of Civil Procedure. See Rule 12(b).

The district court granted the motion and dismissed the action. Silver then took this appeal, proceeding in pro per.

---

* The Honorable WARREN L. JONES, Senior United States Circuit Judge of the Fifth Judicial Circuit, sitting by designation.

The amended complaint alleges, as plaintiff's principal claim, the asserted arbitrary and unlawful conduct of the members of the California Adult Authority in the exercise of powers conferred upon them under California Penal Code, section 3040 et seq., to parole California State prisoners. In particular, Silver alleges that, in violation of his constitutional rights, the members of the Adult Authority, in considering and denying his application for parole: (1) demanded that he confess guilt before he could receive favorable action; (2) insisted that he submit to an injection of sodium amytal or sodium pentothal, alleged to be dangerous drugs, and also submit to hypnotism, in order to determine if he was telling the truth; (3) subjected him to discrimination because he is Jewish; and (4) conspired together to protect other state officials, and to prevent exposure of corruption in state government, by keeping plaintiff out of the courts.

Plaintiff argues here that the amended complaint states a claim upon which relief can be granted and that the trial court erred in ruling otherwise.

In passing upon this contention it is important to bear in mind the nature of the action and the kind of relief sought. This is not a habeas corpus proceeding and we are not called upon to determine whether a state prisoner who is denied parole on some arbitrary and capricious ground may obtain his release.

This is a civil rights action. Plaintiff seeks only monetary damages. Although declaratory and injunctive relief may be obtained under 42 U.S.C. § 1983, plaintiff has sought neither of these remedies. It follows that we need not decide whether the alleged facts state a claim for injunctive or declaratory relief.

■ In our opinion the members of the California Adult Authority and other state officials are, while employed in the processing of applications for parole, performing quasi-judicial functions. They therefore have immunity from suits for damages under the Civil Rights Act, just as do other public employees engaged in the performance of quasi-judicial duties. See Clark v. State of Washington, 9 Cir., 366 F.2d 678 (state bar association in disciplining members of the bar); Robichaud v. Ronan, 9 Cir., 351 F.2d 533 (prosecuting attorney in the performance of an integral part of the judicial process). See also, Harmon v. Superior Court of State of Cal. et al., 9 Cir., 329 F.2d 154; Friedman v. Younger, C.D.Cal., 282 F.Supp. 710, 715–716.

■ If, however, the work of the California Adult Authority in the area of parole is not a quasi-judicial function, it is at least a governmental function which requires the exercise of discretion and as to which immunity from damage suits under the Civil Rights Act attaches. See Lang v. Wood, 67 App.D.C. 287, 92 F.2d 211.[1] See also, Hoffman v. Halden, 9 Cir., 268 F.2d 280, 300.

If members of a state parole board were subject to federal damage suits under the Civil Rights Act, by reason of their official and discretionary acts, the potential interference with state functioning would not be limited to the individual case in which damages were sought. The monetary threat would, in all likelihood, exert a restricting influence on the overall functioning of the agency. And there would undoubtedly ensue an "appalling inflammation of delicate state-federal relationships," to use the language of Judge Magruder in Francis v. Lyman, 1 Cir., 216 F.2d 583, 588.

We do not intend to announce or apply a broad concept of governmental immunity from damage suits under the

1. Lang v. Wood was not an action under the Civil Rights Act. However, the doctrine of judicial and official immunity existed long before the enactment of the Civil Rights Act, and has not been abrogated by that act. See Pierson v. Ray, 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288; Tenney v. Brandhove, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019.

Civil Rights Act. We deal only with this case, which pertains to the actions taken by members of a state parole board performing either quasi-judicial functions or discretionary governmental functions, authorized by unquestioned statutes and closely related to the operation of a state judicial and penal system.

While the amended complaint alleges other grievances, we find nothing in the pleadings, other than that referred to above, which merits discussion.

Affirmed.