406 F.2d 835
 Rudy E. VILLALOBOS, Appellant,
v.
Fred R. DICKSON, Chairman of the California Adult Authority; William H. Madden and Abelicio Chavez, Members of the California Adult Authority, Appellees.
 No. 22288.
 United States Court of Appeals Ninth Circuit.
 January 23, 1969.
 
 Ruby E. Villalobos, pro se.
 Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Michael Buzzell, Deputy Attys. Gen., San Francisco, Cal., for appellees.
 Before POPE, HAMLEY and KOELSCH, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a civil rights action for damages brought against the three members of the California Adult Authority by Rudy E. Villalobos, who is in California penal custody. The several grievances alleged in the complaint stem from the fact that plaintiff's parole was revoked and he was returned to prison to complete his sentence.
 
 
 2
 Plaintiff seeks recovery of $10,000 actual and $10,000 punitive damages against each of the three defendants. While plaintiff also states in his complaint that he seeks injunctive and declaratory relief, it is clear from the pleading, read as a whole, that he asks for such relief only in aid of his demand for damages. This interpretation of the pleading is supported by plaintiff's statements, made in his opening and reply briefs on appeal, that this is an action for damages.
 
 
 3
 Defendants moved to dismiss the action because the complaint fails to state a claim against them upon which relief can be granted and, alternatively, for a summary judgment for defendants because the complaint is sham and frivolous. The district court granted both motions and this appeal followed.
 
 
 4
 In Silver v. Dickson, 9 Cir., 403 F.2d 642, this court held that the members of the California Adult Authority have immunity from suits for damages under the Civil Rights Act with respect to the processing of applications for parole.
 
 
 5
 On like reasoning, we conclude that the defendants in this action are immune from plaintiff's claim for damages arising from the revocation of his parole.
 
 
 6
 The district court did not err in dismissing the action.
 
 
 7
 Affirmed.