Carl Mack **KEETON**, Plaintiff-Appellant,

v.

R. K. **PROCUNIER** et al., Defendants-Appellees.

No. 72-2161.

United States Court of Appeals, Ninth Circuit.

Oct. 19, 1972.

Carl Mack Keeton, in pro. per.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Joyce F. Nedde, Derald E. Granberg, Deputy Attys. Gen., San Francisco, Cal., for defendants-appellees.

Before MERRILL, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

After Keeton, a state prisoner, allegedly violated prison rules (returning from work furlough with knives and benzedrine), his future parole date was rescinded by the California Adult Authority and his maximum indeterminate sentence (life) was reinstated pending further action by the Adult Authority. He filed a civil rights action pursuant to 42 U.S.C. § 1983 requesting damages and release from custody. The district court dismissed the action. We reverse with directions.

Keeton asserts he was deprived of due process at his hearing before the Adult Authority by the denial of counsel and opportunity to confront witnesses and to present his own evidence. This phase of his complaint is properly construed as a habeas corpus claim. However, he has failed to allege he has exhausted his state remedies and, therefore, the dismissal of this claim by the trial court was appropriate. Williams v. Nelson, 431 F.2d 932 (9th Cir. 1970).

The primary thrust of Keeton's complaint for damages challenges the action of the Adult Authority in rescinding his prior parole date. Not only is the Adult Authority immune from such actions, but the individual members acting in their official capacity are similarly protected. Bennett v. California, 406 F.2d 36 (9th Cir. 1969). Therefore, the dismissal of the entire complaint in favor of members of the Adult Authority was proper.

However, Keeton also alleges interference with his constitutional rights at a "Kangaroo Court inquisition" after which a rescission of parole date recommendation was made to the Adult Authority. Although inartfully drawn, the sense of the allegation is that some unidentified defendant, other than the Adult Authority members, deprived Keeton of his civil rights. The caption of the case shows all defendants to be officials within the state system. Unfortunately, the district court did not pass upon this phase of Keeton's claim.

**812**

Dismissal of the entire complaint without granting the opportunity to amend was error. The matter is reversed in part and remanded for further proceedings in harmony with our opinion.