Robert B. CRUZ, Jr., Plaintiff-
Appellant,

v.

William H. SKELTON, Chairman, Texas
Board of Pardons and Paroles, et al.,
Defendants-Appellees.

No. 74–1513

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 14, 1974.

Rehearing and Rehearing En Banc
Denied Dec. 16, 1974.

Robert B. Cruz, pro se.

John L. Hill, Atty. Gen., Austin, Tex.,
Calvin Botley, Houston, Tex., for de-
fendants-appellees.

Before COLEMAN, DYER and RO-
NEY, Circuit Judges.

PER CURIAM:

Robert B. Cruz, Jr., a prisoner of the
State of Texas, sued the three members
of the Texas Board of Pardons and Pa-
roles under the Civil Rights Act.[1] Cruz
prayed for compensatory and punitive
damages for their refusal to grant him
parole; a declaratory judgment that he
is entitled to be paroled; and an injunc-
tion against the board members' denial
of his parole rights. The district court
dismissed the complaint *sua sponte* for
failure to state a claim. We affirm.

■ The appellant's claim for mone-
tary damages arose from the board
members' failure to grant him parole.
The district court held that the board
members are immune from suit for dam-
ages under the Civil Rights Act, citing
as authority Silver v. Dickson, 9 Cir.,
1968, 403 F.2d 642, cert. denied, 394 U.
S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765
(1969). The Ninth Circuit stated its
holding in *Silver* as follows:

"In our opinion the members of the
California Adult Authority and other
state officials are, while employed in
the processing of applications for pa-
role, performing quasi-judicial func-
tions. They therefore have immunity
from suits for damages under the Civ-
il Rights Act, just as do other public
employees engaged in the performance
of quasi-judicial duties. * * *"
403 F.2d at 643.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v.
Citizens Casualty Company of New York et
al., 5 Cir., 1970, 431 F.2d 409, Part I.

1. 42 U.S.C., § 1981 et seq.

We are in full agreement with the Ninth Circuit's decision, and accordingly with the ruling below based on it. See, also, Keeton v. Procunier, 9 Cir., 1972, 468 F.2d 810, cert. denied, 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965.

 The district court denied appellant Cruz's claims for declaratory and injunctive relief on authority of Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439. The court below held that since the relief sought by Cruz was release from confinement, his proper federal remedy would be habeas corpus after exhaustion of his available state remedies. We agree. 28 U.S.C. § 2254(b); Keeton v. Procunier, *supra.*

The judgment of the district court dismissing appellant's complaint is due to be, and is hereby,

Affirmed.