502 F.2d 1101
 Robert B. CRUZ, Jr., Plaintiff-Appellant,
v.
William H. SKELTON, Chairman, Texas Board of Pardons and
Paroles, et al., Defendants-Appellees.
No. 74-1513 Summary Calendar.*
*Rule 18, 5 Cir., Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5 Cir., 1970,
431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Oct. 14, 1974, Rehearing and Rehearing En Banc Denied Dec. 16, 1974.
 
 Robert B. Cruz, pro se.
 John L. Hill, Atty. Gen., Austin, Tex., Calvin Botley, Houston, Tex., for defendants-appellees.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert B. Cruz, Jr., a prisoner of the State of Texas, sued the three members of the Texas Board of Pardons and Paroles under the Civil Rights Act.[1] Cruz prayed for compensatory and punitive damages for their refusal to grant him parole; a declaratory judgment that he is entitled to be paroled; and an injunction against the board members' denial of his parole rights. The district court dismissed the complaint sua sponte for failure to state a claim. We affirm.
 
 
 2
 The appellant's claim for monetary damages arose from the board members' failure to grant him parole. The district court held that the board members are immune from suit for damages under the Civil Rights Act, citing as authority Silver v. Dickson, 9 Cir., 1968, 403 F.2d 642, cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969). The Ninth Circuit stated its holding in Silver as follows:
 
 
 3
 'In our opinion the members of the California Adult Authority and other state officials are, while employed in the processing of applications for parole, performing quasi-judicial functions. They therefore have immunity from suits for damages under the Civil Rights Act, just as do other public employees engaged in the performance of quasi-judicial duties. * * *' 403 F.2d at 643.
 
 
 4
 We are in full agreement with the Ninth Circuit's decision, and accordingly with the ruling below based on it. See, also, Keeton v. Procunier, 9 Cir., 1972, 468 F.2d 810, cert. denied, 411 U.S. 987, 93 S.Ct. 2276, 36 L.Ed.2d 965.
 
 
 5
 The district court denied appellant Cruz's claims for declaratory and injunctive relief on authority of Preiser v. Rodriquez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439. The court below held that since the relief sought by Cruz was release from confinement, his proper federal remedy would be habeas corpus after exhaustion of his available state remedies. We agree. 28 U.S.C. 2254(b); Keeton v. Procunier, supra.
 
 
 6
 The judgment of the district court dismissing appellant's complaint is due to be, and is hereby,
 
 
 7
 Affirmed.
 
 
 
 [1]
 42 U.S.C., 1981 et seq