Murill STARKE, Plaintiff,

v.

Russel BERGLES et al., Defendants.

No. 77–C–330.

United States District Court,
E. D. Wisconsin.

Jan. 16, 1978.

Swartwout & Heiber by Willis B. Swartwout, III, New Berlin, Wis., for plaintiff.

Willis J. Zick, Corp. Counsel, Waukesha, Wis., for Chase & Willert.

August E. Fabyan, Jr., Village Atty., Hartland, Wis., for all other defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

All defendants except James M. Chase and John Willert have moved to dismiss this action pursuant to Rule 12, Federal Rules of Civil Procedure. In resolving this motion, the court will consider only the defendants' brief in support and the plaintiff's brief in opposition; the defendants' reply brief will not be considered in view of their failure to comply with the briefing schedule prescribed in Rule 6.01 of the local rules of this district.

■ I note that the movants, in this rejected reply brief, argue for the first time that this action should be dismissed on abstention grounds. *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). The plaintiffs have had no opportunity to respond to this argument. Moreover, the defendants cite no authority to indicate whether any or all of the issues or remedies involved in this action are available in the related state certiorari proceeding. The defendants' procedural default in the filing of their brief, the importance of the abstention question, and the inadequacy of the present record convince me that the best course is to dismiss the defendants' abstention argument at this time without prejudice.

The complaint sets forth four causes of action. Only the first, third and fourth pertain to the instant motion. Each of them arises out of the plaintiff's discharge as police chief for the village of Pewaukee.

## SUBJECT MATTER JURISDICTION

■ The village of Pewaukee and its police committee contend that they must be dismissed for lack of subject matter jurisdiction because they are not persons within the meaning of 42 U.S.C. § 1983. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). The plaintiff does not dispute this argument but contends that subject matter jurisdiction can be acquired pursuant to 28 U.S.C. § 1331 because the complaint alleges claims arising under the United States Constitution and the amount in controversy exceeds $10,000.

I have previously approved of the plaintiff's § 1331 theory for acquiring subject matter jurisdiction over a village board. *Jenner v. Board of Trustees of the Village of East Troy,* 389 F.Supp. 430 (7 Cir. 1974). The court of appeals for this circuit has also held that § 1331 confers jurisdiction over a municipality alleged to have deprived a person of fourteenth amendment rights. *Calvin v. Conlisk,* 520 F.2d 1, 8–10 (7 Cir. 1975), vacated and remanded on other grounds 424 U.S. 902, 96 S.Ct. 1093, 47 L.Ed.2d 307 (1976). See also *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 277–78, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

Although the jurisdictional statement in the complaint does not refer to § 1331, allegations sufficient to support a § 1331 claim are apparent on its face. The amount in controversy is well in excess of $10,000, and the defendants are alleged to have violated the plaintiff's right to due process

under the fourteenth amendment. The plaintiff's failure specifically to mention § 1331 in the jurisdictional statement is not fatal. *City Federal Savings and Loan Ass'n v. Crowley*, 393 F.Supp. 644, 650 (E.D.Wis. 1975). Accordingly, the motion to dismiss for lack of subject matter jurisdiction will be denied.

## RES JUDICATA

■ The defendants contend that this action is barred on res judicata grounds because the instant claims were not raised by the plaintiff in his petition for a writ of certiorari filed in the state circuit court for review of the village board's decision to discharge him.

The plaintiff argues that the res judicata argument must be rejected on two grounds: (1) The record is barren as to what issues were presented at the certiorari proceeding, and (2) the scope of a certiorari proceeding is different from the instant action. The present record does not reveal whether a final judgment on the merits of the instant cause of action between the instant parties has been entered in any court of competent jurisdiction. *Omernick v. LaRocque*, 406 F.Supp. 1156 (W.D.Wis.1976). Furthermore, the defendants cite no authority to show that the damage and injunctive relief claims brought herein are claims which either were or could have been brought in the certiorari proceeding. I therefore find that the defendants' res judicata argument has no merit.

## FAILURE TO STATE A CLAIM

The defendants next argue that various causes of action must be dismissed for failure to state claims upon which relief can be granted.

Each cause of action alleges that the plaintiff occupied the position of chief of police for the village of Pewaukee; that such position is a classified civil service position of permanent tenure; that the police chief can be removed only for cause; that a hearing was held before the village of Pewaukee police committee to hear and determine charges against the plaintiff, as authorized by village ordinance; that as a result of the hearing the police committee made findings that discipline was warranted and imposed certain sanctions against the plaintiff but reinstated him to his position; that the village board rejected the police committee's reinstatement decision and discharged the plaintiff; that as a result of the discharge the plaintiff has suffered a loss of earnings and benefits; he has incurred and will continue to incur legal fees in connection with his defense; and he has suffered injury to his reputation as a police officer and injury to his ability to secure future employment in his field. Other allegations of the complaint will be referred to hereinafter.

The defendants argue that the first cause of action must be dismissed because insufficient facts are alleged to indicate a conspiracy to deprive the plaintiff of any constitutionally protected right. It is argued that the acts of which the plaintiff complains were undertaken in the course of the defendants' duties as public officials and that the plaintiff has no constitutional right to prevent them from performing their designated responsibilities.

In the first cause of action it is alleged that the defendants Muehl, Bergles, O'Neill and Fabyan conspired "to oust the plaintiff from his position for political or personal reasons without regard to due process of law." Several acts are alleged to have been committed by the defendants in furtherance of the conspiracy, and such acts are claimed to have deprived the plaintiff of his right under the due process clause of the fourteenth amendment to an impartial decisionmaker and to an impartial decision based solely on the evidence presented at the hearing.

■ The defendants' assertion that all of their acts were taken in the course of their duties as public officials does not entitle them to a dismissal; the essence of a § 1983 action is to secure redress for a constitutional deprivation effected by a public official or other person armed with state authority. The defendants' conten-

tion that the plaintiff has no constitutional right to prevent the defendants from performing their official responsibilities misapprehends the nature of the plaintiff's complaint. Mr. Starke does not claim to be constitutionally immune from investigation of alleged misconduct or to be free from sanctions or discharge for cause; rather, he claims that the defendants must observe the mandate of due process when performing these functions.

■ Although the plaintiff's claimed denial of an impartial decisionmaker faces a difficult burden of proof in view of *Hortonville Joint School Dist. v. Hortonville Ed. Ass'n.*, 426 U.S. 482, 96 S.Ct. 2308, 49 L.Ed.2d 1 (1976), and *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), I am unable to rule that the defendants are entitled to a dismissal as to that aspect of the case on the present record. Therefore, the motion to dismiss the first cause of action will be denied.

■ The defendant trustees argue that the third cause of action fails to state a claim upon which relief may be granted. The third cause of action alleges that the village board of trustees illegally discharged the plaintiff without due process of law because he was afforded no opportunity for a hearing before the board and because the board discharged him without reviewing any evidence or any hearing records. It is further alleged that the plaintiff sustained loss of earnings and benefits in excess of $10,000 and suffered injury to his reputation as a police officer.

In support of their motion to dismiss the third cause of action, the trustees of the board contend that they discharged the plaintiff based on findings of misconduct. At most, this argument is simply a denial of the complaint's allegations that the board discharged the plaintiff without supporting evidence.

Allegations that the plaintiff, a police chief with permanent civil service status, was discharged from his position without a prior hearing before the decisionmaker and that the decision to discharge was made

without a consideration of any evidence, are sufficient to state a claim for denial of fourteenth amendment due process. *Dahlinger v. Town Board of Delavan*, 381 F.Supp. 474 (E.D.Wis.1974).

The trustees also urge that they must be dismissed because the complaint makes no allegation of individual misconduct. The complaint alleges that the defendants O'Neill, Muehl, Devereaux and Bergles, acting as a majority of the board, illegally discharged the plaintiff in the manner described above. Such allegation alleges sufficient individual participation to permit an award of damages under § 1983 against the individual trustees if the plaintiff prevails at trial. See *Hostrop v. Board of Junior College*, 523 F.2d 569, 577–78 (7th Cir. 1975); but see *Kiekow v. Village of Chenequa*, 342 F.Supp. 494 (E.D.Wis.1972). The motion to dismiss the third cause of action must therefore be denied.

## IMMUNITY OF VILLAGE ATTORNEY

■ The defendant Fabyan, village attorney for Pewaukee, seeks dismissal based on a claimed absolute immunity from § 1983 suits for damages. He argues that *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and *Bunch v. Barnett*, 376 F.Supp. 23 (D.S.D.1974), support an absolute immunity for city and village attorneys.

*Imbler* held that a state prosecutor acting within the scope of his duties in initiating and conducting a criminal prosecution is absolutely immune from a civil damage suit under § 1983. The decision is grounded on public policies relating to the prosecutor's role in the criminal justice system and has no applicability to the very different role of the village attorney as alleged in the complaint. Mr. Fabyan may enjoy a qualified immunity and may be able to establish such immunity at trial, but he may not be dismissed on the present motion. *Imbler*, supra, 424 U.S. at 419 n.13, 96 S.Ct. 984.

Fabyan also relies on *Bunch v. Barnett*, supra, in which it was held that city attorneys acting within the scope of their responsibilities as civil litigators are absolute-

ly immune from suits for damages. In support of its holding, the court relied on *Rhodes v. Meyer*, 334 F.2d 709 (8th Cir. 1964). However, my reading of the latter case reveals that the city attorney was not a defendant. Rather, the case involved judicial personnel and state prosecutors involved in a criminal prosecution of the plaintiff. *Bunch's* reliance on *Rhodes* would seem to be misplaced. Accordingly, I decline to follow *Bunch* and will deny Mr. Fabyan's motion to dismiss.

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is denied.

IT IS ALSO ORDERED that the defendants' motion to dismiss on the ground of abstention is dismissed, without prejudice.