COFER, Justice, for the Court:
The Mississippi Municipal Association, Incorporated, certain cities and certain individuals, appellants, brought this suit in the Chancery Court of the First Judicial District of Hinds County seeking adjudication that Mississippi Code Annotated sections 27-5-101 and 27-5-103 (1972), are unconstitutional or for alternative relief. They made the State of Mississippi, the State Auditor, and the Motor Vehicle Comptroller defendants to their suit. From a decree sustaining defendants’ general demurrer to their amended bill of complaint, they have appealed here assigning alone that the sustaining of the demurrer was error. (A general demurrer to appellants’ original bill had been sustained, and the complainants, by leave of the Court, had filed their amended bill of complaint.)
They prayed, if the Court should hold the statutes to be constitutional, as an alternative, that the State Auditor and the Motor Vehicle Comptroller be enjoined requiring them to allow and pay to the municipalities of the state their fair, just, and reasonable share of the gasoline taxes (excise taxes on gasoline, diesel fuel, kerosene, or oil collected under State laws), that a just formula therefor be fixed by the Court by which such payments would be made and that, if after a period of grace afforded it, the legislature shall not correct the inequities of which the complainants complain, a final mandatory injunction shall issue enjoining the defendants from disbursing the gasoline taxes except in a manner prescribed by the Court. They prayed for other relief including attorney fees and related costs, and that the court retain jurisdiction to make further orders as may prove proper in the case.
The appellants do not assert any departure by the defendants-appellees from the wording of the Code sections 27-5-101 and 27-5-103, but rather earnestly assert that, in compliance therewith, the complainants are being deprived of their property without due process of law and without their being afforded the equal protection of the law under the United States Constitution and the Mississippi Constitution of 1890.
*988 The statutes under attack detail out a procedure for payment by appellees of a portion of the gasoline tax collected under state law to the counties and municipalities for the purposes therein stipulated. The procedures for this revenue sharing (to counties by section 27-5-101 and municipalities by section 27-5-103), are laborious and complicated, and need not be analyzed here for purpose of this opinion.
Nevertheless, at a stage in section 27-5-101, a provision is made for periodic payment to counties of funds from the gasoline taxes. Section 27-5-103 creates a fund entitled, “the municipal aid fund,” out of which distribution is made to municipalities according to a complicated procedure set out in the body of the statute.
Appellants make comparison between the urban residents and those who live outside urban areas in the counties, the number of miles traveled by vehicles annually inside and outside the municipalities, and the numbers of automobiles owned by urban residents and those owned in the counties outside municipalities. They allege that all of the municipalities received, for the year ending June 30,1978,97/ioo of one percent of the gasoline taxes collected by the state that year, and for that year the counties received a minimum of $300,000 each to more than $2,000,000 each compared to the $300 to $27,000 each paid to the state’s municipalities. Complainants allege as facts that, owing to the disproportionate share of these revenues paid to the cities, the residents of the cities are, by their taxes, having to pay a much larger and burdensome amount for street upkeep and other municipal expenses than is paid by rural citizens of the counties who have less burdensome expenses for road maintenance owing to the amount the counties receive from the distribution of the gasoline taxes.
Our decisions to date, as will be noticed hereinafter, hold against the right of complainants herein asserted and sought to be vindicated. The appellants point to progress in the field of the Fourteenth Amendment rights including the broad spectrum of civil rights, and predict a reversal of the state’s case law in the future, and see and argue civil rights points in their briefs.
In McCullen v. State, on motion of J. P. Alexander, for use of Hinds County, 217 Miss. 256, 63 So.2d 856 (1953), the petitioner Hinds County sought a writ of mandamus against the Motor Vehicle Commissioner, based upon petitioner’s asserted right to a larger share in the distribution of the gasoline tax than the commissioner had been willing to allocate to it, under Chapter 287, Laws of 1952, predecessor statute to section 27-5-101. In construing the statute, this Court said this:
It must be borne in mind that the excise tax on gasoline is levied and collected by the State and belongs to the State; the State can keep all of it, and it is a matter of grace only with the Legislature that a portion of the tax is distributed to the counties; in other words, no county has any vested right in any portion of the gasoline tax money except such right as the Legislature may grant, and the Legislature has the power to distribute a portion of the tax in any manner, upon any basis, and under any formula which it may prescribe. (217 Miss, at 273, 63 So.2d at 862).
In Board of Supervisors of George County v. Bailey, 236 So.2d 420 (Miss.1970), this Court more recently had under consideration the authority of a Court under Code of 1942 annotated section 2505 (Supp.1968) [now section 99-15-17], to order payment from county funds to counsel appointed under that statute. In holding no such authority existed, this Court said:
The Legislature is the appropriate branch of the government to deal with this matter because it can conduct hearings to determine the extent of the need, the amount of funds required, and the numerous related factors involved. While the legislature can view the full spectrum of the problem, the courts, which do not have the means or facilities to adequately study the problem or provide the remedy, can only deal with the problem on a case by case basis. (236 So.2d at 423).
*989 This Court said in Culley v. Pearl River Industrial Commission, 234 Miss. 788, 813, 108 So.2d 390, 391 (1959), that “.. . no requirement of uniformity or equal protection under the Mississippi and Federal Constitutions limit the power of the Legislature in respect to the allocation, distribution and application of public funds. 84 C.J.S. Taxation § 34....”
See also Schaeffer v. Sharp, 328 F.Supp. 762 (S.D.Miss.1971).
In advancing the thesis that the time is here when the Court should recede from the position that the legislature is the authority on the disposition of public funds, such as here involved, as is decided in our cases above cited, they argue that the conclusive principles of applicable law are laid down in Levy v. Parker, 346 F.Supp. 897 (E.D.La. 1972), aff’d 411 U.S. 978, 93 S.Ct. 2266, 36 L.Ed.2d 955 (1973), and Bunch v. Barnett, 376 F.Supp. 23 (D.S.D.1974).
In the Levy case, Louisiana had a homestead exemption law for the benefit of homesteaders. To make up for the loss to the taxing authority occasioned by this tax exemption that state adopted a law providing what is called there a “Property Tax Relief Fund.” (P. T. R. Fund) Various parishes had their own homestead assessments, from conservative to the ceiling, and the more mills of taxes levied the higher the amount of the refund from the P. T. R. Fund. In addition thereto, Orleans Parish, with boundaries contiguous with New Orleans, has a constitutional maximum permissible levy by which it is bound.
The suit was by taxpayers attacking the applicable provisions of the constitution and statutes of Louisiana as denying to them the equal protection of the law and due process of law. The District Court held this form of reimbursement unconstitutional as being based upon millage arrived at as hereinabove noticed, constituting unequal assessments by the taxing power of a local government and what that Court appraised as a “facially non-discriminatory payment of state revenues to localities based upon prevailing local millage rates.”
Bunch v. Barnett, supra, was a suit against Rapid City, South Dakota, and the United States, by certain victims of the 1972 flood, for reimbursement of certain charges made by that city for emergency occupancy of certain lots in Rapid City by the plaintiffs. The suit depended on an interpretation of 42 U.S.C., section 4436(a) and the allegations of the flood victims that Rapid City and the United States had furnished, free of charge, to other flood victims, housing and housing sites, whereas these defendants were undertaking to charge the plaintiffs for land occupied by the emergency houses. The District Court Judge recognized in his opinion that equal protection of the law under the United States Constitution does not preclude all disparities in treatment, but that there must be some rational purpose served by such disparity.
We do not believe that our statutes, sections 27-5-101 and 27-5-103, contain the infirmities as found by the courts to be present in the Levy and Bunch cases, supra, nor do we conclude that these statutes make for denial to individuals or municipal corporations and counties unequal protection of the law or of due process of law. We hold them to be free of the challenge of unconstitutionality asserted in appellants’ admitted bill.
Finding as we do in favor of their constitutionality, we determine further that we, as a court, may not nullify the formulas for distribution therein contained or legislate another formula or formulas in place of those, or either of them, therein contained. Should we allow any of the further relief prayed, we would be put in the position of amending the legislature’s solemn action in adopting these two statutes, and we are not empowered thus to do. ■ Mississippi Constitution (1890), Article I, section 1; Crippen v. Mint Sales Company, 139 Miss. 87, 103 So. 503 (1925).
The chancellor correctly sustained the ap-pellees’ general demurrer to appellants’ amended bill of complaint, and we affirm his action in doing so.
AFFIRMED.
*990 PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.