846 F.2d 1382
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Theophilus BADFOOT Plaintiff-Appellant,
v.
George DEUKMEJIAN, Governor of the State of California,
Defendant-Appellee.
 No. 86-6725.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1988.*
Decided May 13, 1988.
 Before BARNES, KILKENNY and GOODWIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theophilus Badfoot, a California state prisoner, appeals pro se and in forma pauperis the district court's dismissal as frivolous his 42 U.S.C. Secs. 1983 and 1985(3) action against the Governor and Lieutenant Governor of California. We affirm.
 
 
 3
 Badfoot filed a complaint purporting to raise civil rights claims under 42 U.S.C. Secs. 1983 and 1985(3).[1] He apparently alleges that the Governor and Lieutenant Governor of California conspired with two regional parole representatives of the California Department of Corrections to use Badfoot's prior convictions to extend his prison term. The complaint also alleges that the Los Angeles County Superior Court did not properly account for a prior expired sentence and improperly calculated certain good-time credits. The complaint seeks damages in the amount of "$100,000,000 one million [sic] dollars" against each defendant.
 
 
 4
 On November 21, 1986, a magistrate recommended that Badfoot's complaint be dismissed as frivolous because, whether construed as a civil rights action or as a petition for a writ of habeas corpus, the complaint failed to allege sufficient facts supporting a valid claim for relief. The district court adopted the magistrate's recommendations and dismissed the complaint without giving Badfoot leave to amend. Badfoot filed a timely notice of appeal.[2]
 
 I. Standard of Review
 
 5
 This court reviews de novo a district court's dismissal of an action as frivolous under 28 U.S.C. Sec. 1915(d). See Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987); Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). A complaint filed in forma pauperis may be dismissed under section 1915(d) if it lacks arguable substance in law and fact, is founded on wholly fanciful factual allegations, or is subject to a defense which is complete and obvious from the face of the pleadings or the court's own records. Franklin, 745 F.2d at 1228. A pro se complaint may be dismissed without leave to amend only if it is absolutely clear that the deficiencies could not be cured by amendment. Noll, 809 F.2d at 1448.
 
 II. Merits
 A. Section 1983/1985(3) Relief
 
 6
 Badfoot contends that the district court erred by dismissing as frivolous his civil rights claims. To state a conspiracy claim under 42 U.S.C. Sec. 1985(3) a plaintiff must allege sufficient facts showing that the defendant's conduct was motivated by some invidiously discriminatory class-based animus. Ashelman v. Pope, 793 F.2d 1072, 1074 n. 1 (9th Cir.1986); accord Trerice v. Pedersen, 769 F.2d 1398, 1402 (9th Cir.1985). Badfoot's complaint fails to allege any such conduct and alleges only that the defendants acted with "prejudgment and bias on account of legal endevers [sic]." Therefore, the district court correctly determined that the complaint failed to state a cause of action under 42 U.S.C. Sec. 1985(3).
 
 
 7
 The district court also correctly determined that Badfoot's civil rights claim under 42 U.S.C. Sec. 1983 failed to state a cause of action. Generally, state officials are not subject to suit under section 1983 "unless they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).
 
 
 8
 There is no asserted or apparent connection between the named defendants and the claimed constitutional deprivations, which appear to involve the validity of Badfoot's state criminal sentence and the proper calculation of good-time credits. Badfoot's complaint does not set forth any facts tying California's Governor or Lieutenant Governor to the claimed deprivations; there are no allegations that the defendants personally did or failed to do anything that violated Badfoot's rights. Nor are there any allegations that the defendants set in motion acts by others that the defendants knew or should have known would have injured Badfoot. Therefore, Badfoot failed to allege the required causal connection between the defendants and the claimed deprivations, see Johnson, 588 F.2d at 743-44, and the district court properly dismissed the claim.[3]
 
 B. Habeas Corpus Relief
 
 9
 We must also consider whether the district court erred in determining that Badfoot's complaint also failed when construed as a petition for a writ of habeas corpus. Because pro se pleadings must be construed liberally, King, 814 F.2d at 567, courts consider whether purported civil rights complaints should be treated as petitions for habeas corpus relief. See Keeton v. Procunier, 468 F.2d 810, 811 (9th Cir.1972) (per curiam), cert. denied, 411 U.S. 987 (1973) (portion of section 1983 complaint properly construed as habeas corpus claim); Bennett v. Allen, 396 F.2d 788, 790 (9th Cir.1968) (section 1983 complaint in effect attacking validity of conviction and seeking no damages should have been treated as habeas petition).
 
 
 10
 Although Badfoot's complaint apparently raises claims that are traditionally remedied in habeas proceedings (validity of a criminal sentence and proper calculation of good-time credits), it does not qualify as a habeas petition because the only remedy Badfoot requests is monetary compensation. He does not ask to be released from custody. See Padilla v. Ackerman, 460 F.2d 477, 478 (9th Cir.1972) (suit for declaratory judgment and injunctive relief that did not seek release from custody, but only challenged some incidents of custody, should have been treated as section 1983 action).[4]
 
 III. Conclusion
 
 11
 We affirm the district court's dismissal without leave to amend because Badfoot's complaint does not currently state any cognizable claim against the defendants and it is clear that Badfoot cannot amend his complaint to state a claim for relief. See Noll, 809 F.2d at 1448.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Badfoot originally filed his complaint on December 2, 1985, in the federal district court for the Northern District of California. The Northern District determined that under 28 U.S.C. Sec. 1391(b) venue did not properly lie there, and transferred the case to the Central District of California pursuant to 28 U.S.C. Sec. 1406(a). The Central District filed Badfoot's complaint on October 14, 1986
 Badfoot submitted a notice of appeal challenging this transfer. The district court apparently never filed this notice of appeal. Badfoot does not, however, contest the validity of this transfer in his opening brief and therefore is deemed to have abandoned any such claim. See Collins v. City of San Diego, 841 F.2d 337 (9th Cir.1988) ("claims which are not addressed in the appellant's brief are deemed abandoned").
 
 
 [2]
 During the pendency of this appeal, Badfoot filed a variety of motions and documents that were referred to the merits panel. These materials generally appear to concern either the validity of Badfoot's state conviction or prison conditions unrelated to this action, and we accordingly deny all pending motions
 
 
 [3]
 The missing causal connection cannot be supplied by the doctrine of respondeat superior because California law does not permit the liability of public officials to be predicated on vicarious liability. See Johnson, 588 F.2d at 744 (vicarious liability can be used in section 1983 action if state law imposes it on public officials; but California law excludes such liability); accord Navarette v. Enomoto, 536 F.2d 277, 282 (9th Cir.1976)
 
 
 [4]
 Badfoot's pleading is also defective for failure to allege exhaustion of state remedies. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 510, 522 (1982). Badfoot's complaint not only fails to allege the presentation of his claim to the highest appropriate state court, see Picard v. Connor, 404 U.S. 270, 276 (1971), but it states that he has not presented his allegations to either a prisoner grievance procedure or to prison authorities. See Keeton v. Procunier, 468 F.2d at 811 (portion of section 1983 complaint construed as habeas claim properly dismissed for failure to allege exhaustion). The dismissal of Badfoot's complaint, however, does not prevent him from filing a proper habeas petition alleging exhaustion of state remedies and seeking release from confinement. See Rose v. Lundy, 455 U.S. at 510