**Frank Paul RILEY, Petitioner-Appellant,**

v.

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent-Appellee.**

**No. 19637.**

United States Court of Appeals, Sixth Circuit.

Feb. 27, 1970.

Frank Paul Riley, in pro per.

Paul W. Brown, Atty. Gen., Stephen M. Miller, Asst. Atty. Gen., Columbus, Ohio, for appellee.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM and ORDER.

Petitioner applied for a writ of habeas corpus in the District Court claiming that the Ohio Adult Parole Authority, in denying parole to him, took into account his criminal record.

The District Judge, in considering the habeas corpus application, interpreted our decision in Rose v. Haskins, 388 F.2d 91 (6th Cir. 1968), cert. denied, 392 U.S. 946, 88 S.Ct. 2300, 20 L.Ed.2d 1408, as conferring authority upon him to review the action of the Ohio Adult Parole Authority to determine whether, in denying parole to the prisoner, the Authority abused its discretion. In our opinion, *Rose* is not susceptible of any such interpretation.

Federal Courts have jurisdiction to review the action of state parole boards only where it involves violation of the Constitution of the United States. Hinkle v. Adult Parole Authority, 419 F.2d 130 (6th Cir. 1969); MacKenna v. Avery, 404 F.2d 71 (6th Cir. 1968); Rose v. Haskins, *supra.*

In determining the application of a prisoner for parole, the Parole Authority may consider all relevant factors, including the prisoner's criminal record. Jones v. Salisbury, Sup't., 422 F.2d 1326 (No. 19,569) (6th Cir. 1970); *cf.* Rose v. Haskins, 21 Ohio St.2d 94, 255 N.E.2d 260 (1970).

It is therefore ordered that the judgment of the District Court be and it is hereby affirmed.

Entered by order of the Court.