**Jerry D. JOYCE, Plaintiff,**

v.

**John J. GILLIGAN, etc., et al.,
Defendants.**

**No. C 74–196.**

United States District Court,
N. D. Ohio, W. D.

Oct. 7, 1974.

Jerry D. Joyce, pro se.

Richard B. Igo, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## OPINION and ORDER

WALINSKI, District Judge.

This cause came to be heard upon defendants' motion for this Court to reconsider its Order of August 19, 1974, coupled with a motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. This Court's August 19 Order reinstated plaintiff's complaint which the Court dismissed in an Order of July 31, 1974, under the Supreme Court's decision in Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Preiser* the Supreme Court held that prisoner claims for immediate or speedier release from incarceration must be brought in a habeas corpus action requiring exhaustion of state remedies rather than suing pursuant to 42 U.S.C., § 1983. Plaintiff thereafter specifically abandoned any claim for relief which might result in his release from incarceration, and focused his claim on compensatory and punitive damages. In light of this aban-

donment, the Court in its August 19 Order held *Preiser* inapplicable and allowed plaintiff to continue this action under 42 U.S.C., § 1983. Defendants now ask that the August 19 Order be reconsidered and seek a determination of the sufficiency of plaintiff's claim pursuant to Rule 12(b)(6).

Plaintiff, an inmate at the Marion Correctional Institution, alleges that the defendants, various state officials of the Ohio Adult Parole Authority, abused their discretion in denying the plaintiff a parole and continuing his parole consideration. This continuance procedure allegedly was in violation of an agreement made between inmates and correctional authorities during an inmate strike. The plaintiff likewise contends that the parole denial was in direct contradiction to all indications of the plaintiff's good behavior, and that the parole board relied in part upon an erroneous FBI report concerning the plaintiff's past criminal conduct.

As concerns this Court's determination in its August 19 Order that the plaintiff was within the dictates of Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and had set forth grounds for bringing suit pursuant to 42 U.S.C., § 1983, rather than habeas corpus, the Court holds that decision to be correct. In *Preiser* the Supreme Court said:

"If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. * * * Accordingly, * * * a damage action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies." *Id.* 93 S.Ct. at 1838.

The plaintiff here employs § 1983 to redress an alleged wrong done to him, not to effectuate his release from custody. Even though the factual circumstances of this case turn upon a parole

hearing, and thus, tangentially involve the plaintiff's conditional release, this is not determinative of the type of relief available to the plaintiff. Since habeas corpus is not the remedy sought, there is no requirement that the plaintiff exhaust state remedies. *Preiser, supra.*

In ruling on the defendants' Rule 12(b)(6) motion, the Court is mindful of the standard set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), wherein the Supreme Court said:

> "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45, 78 S.Ct. at 102.

This admonition takes on added significance where, as here, the complaint is *pro se. See,* Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The significant question presented by the defendants in their motion is whether parole boards are immune from suit as a matter of law.

■ In determining whether a state official is immune from liability under the Civil Rights Act, specifically § 1983, the test to be applied is one of general rather than state law. Marr v. Rife, 503 F.2d 735 (6th Cir., 1974), *citing* Nelson v. Knox, 256 F.2d 312 at 314 (6th Cir. 1958). Hence, any immunity determination as concerns liability under § 1983 is to be made by the federal courts.

The policy considerations underlying any type of governmental immunity are based upon protecting:

> "* * * government officers from the inhibiting fear of damage suits, and the time-consuming duty to defend

them; its [immunity's] purpose is to encourage 'fearless, vigorous, and effective administration of policies of government.'" Carter v. Carlson, 144 U.S.App.D.C. 388, 447 F.2d 358, 362 (1971), rev'd on other grounds, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1972), citing Barr v. Matteo, 360 U.S. 564, 571, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

■ In determining whether a parole board falls within those areas of governmental activity which requires "fearless, vigorous, and effective administration" of governmental policies, this Court adopts the test set forth in Carter v. Carlson, *supra,* wherein it was held that:

> "The proper approach is to consider the precise function at issue, and to determine whether an officer is likely to be unduly inhibited in the performance of that function by the threat of liability for tortious conduct." *Carter, supra,* 447 F.2d at 362.

It goes without saying that parole board members act, and are expected to act, in a discretionary manner in granting and denying paroles. Even though guidelines may be established for making such determinations, the application of any guideline falls within a sphere of judgment entrusted to the parole board by the state.[1]

Because of the exercise of discretion inherently required in parole board determinations, the threat of constant subjection to suit because of the exercise of that discretion would have an inhibiting effect on parole determinations.

As stated in Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. denied, 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969):

> "If members of a state parole board were subject to federal damage suits under the Civil Rights Act, by reason

---

1. The standard to be followed by the Adult Parole Authority in Ohio in determining an inmate's fitness for parole is set forth in Ohio Revised Code, § 2967.03. It states therein:

"The authority may * * * grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that, if the convict is * * * paroled, such action would further the interests of justice and be consistent with the welfare and security of society."

of their official and discretionary acts, the potential interference with state functioning would not be limited to the individual case in which damages were sought. The monitary threat would, in all likelihood, exert a restricting influence on the overall functioning of the agency. And there would undoubtedly ensue an 'appalling inflammation of delicate state-federal relationships.'" * * * [Citation omitted.] *Id.* at 643.

In Silver v. Dickson the Ninth Circuit Court of Appeals held that the California Adult Authority and other state officials, while employed in the processing of applications for parole, were performing quasi-judicial functions and, therefore, were immune from suits for damages under § 1983. The court held in the alternative that even if the authority was not entitled to quasi-judicial immunity, they were at a minimum engaged in a governmental function which required the exercise of discretion and as to which immunity from damage suits attached. For decisions citing with approval the Ninth Circuit's discussion of governmental immunity in *Silver, see* McCray v. State of Maryland, 456 F.2d 1 at 3–4 (4th Cir. 1972); Dale v. Hahn, 440 F.2d 633, 637 n. 4 (2d Cir. 1974); C. M. Clark Insurance Agency, Inc. v. Maxwell, 156 U.S.App.D.C. 240, 479 F. 2d 1223, 1226 n. 7 (1973); Donaldson v. O'Connor, 493 F.2d 507 n. 58 (5th Cir. 1974). For cases citing the discussion of the *Silver* case in McCray v. State of Maryland, *supra, see* McLallen v. Henderson, 492 F.2d 1298, 1300 (8th Cir. 1974); Hilliard v. Williams, 465 F.2d 1212, 1217 (6th Cir. 1972).

■ Based on the decision of the Ninth Circuit in *Silver, supra,* and the discussion of immunity in the above-cited cases, this Court holds that the Ohio Adult Parole Authority is immune from Civil Rights Act damage suits as limited by the discussion, *infra.*

As concerns the scope of this immunity, the Court adopts the so-called "good faith for qualified governmental immunity" test set forth by the Fifth Circuit Court of Appeals in Donaldson v. O'Connor, 493 F.2d 507 at 530 (1974). The test allows immunity to a governmental official when:

1) the officer's acts were discretionary; and

2) the officer was acting in good faith.

In applying this test to the facts at hand, this Court finds that the parole board meets the test for immunity.

As discussed above, the parole board's acts must inherently be based upon its use of discretion. Therefore, its determination in any given case in considering the granting or withholding of parole is to be given wide latitude. *Cf.* Procunier v. Martinez, 416 U.S. 396, 404, 94 S.Ct. 1800 at 1807, 40 L.Ed.2d 224 (1974); Riley v. Perini, 422 F.2d 397 (6th Cir. 1970).

As concerns the material which a parole board may consult in making their determinations, the Sixth Circuit Court of Appeals held in Riley v. Perini, *supra,* that:

"In determining the application of a prisoner for parole, the Parole Authority may consider all *relevant factors,* including the prisoner's criminal record." *Id.* [*Emphasis added.*] *See also,* Jones v. Salisbury, 422 F.2d 1326 (6th Cir. 1970).

In this case, the plaintiff contends that by using the allegedly inaccurate FBI report, the parole board abused its discretion. It should, however, be noted that nowhere does the plaintiff claim that the FBI report was used by the parole board with the knowledge that it was false or with the intent to employ a false report for the purpose of denying the plaintiff a parole.

■ In light of the latitude to be given parole boards in granting or denying paroles, and in the absence of any specific allegation or evidence of bad faith on the parole board's part, other than abuse of discretion, arbitrary action and discrimination in general terms, this Court finds that the defendant parole board members fall within the

scope of the test for immunity as set out above, and hence, are protected in the factual context of this case by immunity.

Since the defendants, other than the parole board members, are apparently joined on the theory of respondeat superior without a showing of any direct activity on their part in causing harm to the plaintiff, the cause of action against the defendants, other than the parole board members, is also dismissed. *See,* Salazar v. Dowd, 256 F.Supp. 220, 223 (D.Colo.1966).

Therefore, it is

Ordered that defendants' motion pursuant to Rule 12(b)(6) be and hereby is granted.