**James L. PATE, Plaintiff,**

v.

**ALABAMA BOARD OF PARDONS AND PAROLES et al., Defendants.**

Civ. A. No. 76–31–N.

United States District Court,
M. D. Alabama, N. D.

March 23, 1976.

Roger C. Williams, Williams, Williams & Williams, Tuscaloosa, Ala., for plaintiff.

Richard S. Manley, Demopolis, Ala., for Cooper.

Ray Acton, Sp. Asst. Atty. Gen., Montgomery, Ala., for Alabama Bd. of Pardons & Paroles, Lambert, Ussery, and Robinson.

No appearance for Hunter.

VARNER, District Judge.

### ORDER

This cause is now submitted to the Court on motions to dismiss filed herein February 17 and 24, 1976, by Defendants, Board of Pardons and Paroles, Lambert, Ussery, Robinson and Cooper.

Plaintiff's minor daughter was allegedly raped and killed by Defendant, Horace Cleo Hunter, a parolee of the Alabama Board of Pardons and Paroles, on April, 29, 1974, at or near Demopolis, Alabama. Plaintiff brings this action against Defendant Board of Pardons and Paroles and Defendants Lambert, Ussery and Robinson, members of said Board, on the theory that the parole of Hunter was

granted and his subsequent supervision accomplished either negligently or in a willfully and wantonly improper manner.

■ As to Defendant, Alabama Board of Pardons and Paroles, it is the opinion of this Court that the said Board is immune from suit by virtue of the Eleventh Amendment to the Constitution of the United States and the doctrine of official immunity.

Defendants Lambert, Robinson and Ussery are charged with misfeasance, nonfeasance and malfeasance in the performance of their official duties. There has been a strong tendency in the courts to grant to parole and probation officials an immunity from suit under 42 U.S.C § 1983 similar to that granted to judges on the ground that such officials, when performing their official duties, are engaged in "quasi-judicial" activities. *Burkes v. Callion,* 433 F.2d 318 (9th Cir. 1970), cert. den. 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971); *Silver v. Dickson,* 403 F.2d 642 (9th Cir.1968), cert. den. 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969).

■ The complaint herein alleges, not only negligence but also, reckless willfulness and wantonness. There is dictum in some lower court cases that an allegation of bad faith, coupled with a substantial showing thereof, might strip parole officials of their immunity for acts committed in the course of their duties. *Joyce v. Gilligan,* 383 F.Supp. 1028 (ND Ohio, 1974), affm'd. without opinion 510 F.2d 973 (6th Cir.1975). Upon consideration of the reasons supporting immunity, however, this Court concludes that parole officials should be protected by the same absolute immunity afforded judges for acts resulting from the performance of their official duties.

Parole officials bear a more than ordinary responsibility because of the dangerous traits already demonstrated by those with whom they must deal. This responsibility imposes far greater moral burdens and requires far more difficult legal choices than those met by the average administrative officer. The function of the Parole Board is more nearly akin to that of a judge in imposing sentence and granting or denying probation than it is to that of an executive administrator. It is essential to the proper administration of criminal justice that those who determine whether an individual shall remain incarcerated or be set free should do so without concern over possible personal liability at law for such criminal acts as some parolee will inevitably commit; in other words, that such officials should be able to exercise independent judgment without pressure of personal liability for acts of the subject of their deliberations.[1]

It is the judgment of this Court that Defendants Robinson, Ussery, Lambert and the Board of Pardons and Paroles are absolutely immune from suit for damages under 42 U.S.C. § 1983. The Court would note the recent decision of the United States Supreme Court, extending such absolute immunity even to public prosecutors, *Imbler v. Pachtman,* —— U.S. ——, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S. Law Week 4250 (1976), as evidencing support for the general line of reasoning herein adopted. In consideration of the foregoing, it is

ORDERED by this Court that said motion to dismiss filed on behalf of Defendants Board of Pardons and Paroles, Lambert, Ussery and Robinson be, and the same is hereby, granted, and said Defendants are hereby dismissed as party Defendants to this cause of action.

Defendant Cooper is or was the Chief of Police of Demopolis, Alabama. He is alleged in the complaint to have negligently, wantonly or willfully failed to serve a warrant on or arrest Defendant Hunter on a charge of assault with intent to ravish or some other crime several weeks before the date of the incident giving rise to this action. As to this

---

1. The system of rehabilitation practiced in this country, involving probation, parole, and pardon, could not be effective if those burdened with the decisions incident thereto were subjected to personal liability for mistakes, the occurrence of which is inherent to the system.

Defendant, Plaintiff's claim must be allowed to proceed for further development of facts. It cannot be said at this time that no cause of action could be stated upon these allegations. Accordingly, it is

ORDERED by this Court that Defendant Cooper's motion to dismiss be, and the same is hereby, denied.

It is the opinion of this Court that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and, further, that an immediate appeal from this order might materially advance the ultimate termination of the litigation within the intent of 28 U.S.C. § 1292(b).