Earl L. McDANIEL, Plaintiff,

v.

James RHODES, Governor et al., Defendants.

No. C-3-80-418.

United States District Court, S. D. Ohio, W. D.

March 25, 1981.

Earl Lee McDaniel, pro se.

J. Anthony Logan, Asst. Atty. Gen., Columbus, Ohio, Robert A. Steinberg, U. S. Magistrate, Dayton, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE; MAGISTRATE'S REPORT AND RECOMMENDATION REJECTED; DEFENDANTS' MOTION TO DISMISS COMPLAINT OVERRULED; DEFENDANTS ORDERED TO ANSWER OR OTHERWISE MOTION COMPLAINT WITHIN STATED PERIOD OF TIME

RICE, District Judge.

The captioned cause came to be submitted upon Plaintiff's objections to the Report and Recommendation of the Magistrate, wherein the Magistrate recommended that Defendants' motion to dismiss, pursuant to F.R.C.P. 12(b)(6), be sustained.

This is a state prisoner's action for redress of alleged deprivations of constitutional rights under 42 U.S.C. § 1983. The Complaint describes two scenarios in which the alleged deprivation occurred. First, it was alleged that when Plaintiff was incarcerated in 1977, no account was taken of his asthmatic and allergic conditions. He was assigned to the London Correctional Center, a work farm in a rural area. With the onset of "hay fever season" the following year, Plaintiff developed respiratory complications for which no adequate medical care was available at the Center. When Plaintiff refused to work without medical care, he "was put in the hole." Subsequently, Plaintiff was transferred to Columbus. Although he was still "very ill, he was put in a cell that leak water, also directly in front of a window that was out, [and] he was given no medical attention for two days. . . ." As a result, Plaintiff's illness became severe and he required hospitalization.

Second, it is alleged that Plaintiff joined in a class action suit challenging the conditions in Ohio's correctional facilities and that, during the course of pretrial proceedings in that suit, representatives of the Ohio Department of Corrections indicated that "Retaliation Action, in and out of the institution," might be taken. After Plaintiff was paroled in September, 1979, he was allegedly physically abused by police officers, psychologically abused by the parole authorities, generally harassed, and twice subjected to parole revocation on false charges, all in apparent fulfillment of the threat of retaliation against participants in the class action suit.

Named as Defendants in the action are the Governor of the State of Ohio (Governor Rhodes), the Director of the Ohio Department of Corrections (George Denton), the Chairman of the Ohio Adult Parole Authority (John Shoemaker), and four lower echelon parole officials. Plaintiff demands declaratory relief, and compensatory and punitive damages.

The Defendants moved for a dismissal of the Complaint because it fails to allege "personal involvement" on the part of any of the named Defendants, and because *respondeat superior* is not available as an alternative basis of liability for constitutional torts. The Defendants also specifically moved for dismissal of the first claim (i. e., inadequate medical care) contending that Plaintiff fails to state a claim against anyone where his allegations amount to "no more than that he is dissatisfied with the adequacy of treatment actually received." Finally, the Defendants specifically moved for dismissal of the second claim (i. e., retaliatory abuse, harassment, and parole revocation) because parole authorities are immune from liability in money damages, and because the claim does not, in any event, "rise to the level of a constitutional deprivation."

The Magistrate did not conclude that Plaintiff's claims are not actionable *at all* under section 1983. Rather, the Magistrate only concluded that the claims are not actionable *against the named Defendants*, because the Complaint does not specifically allege any personal involvement in, or

knowledge of the alleged misconduct *on their part.*

In reaching such conclusion with respect to both of Plaintiff's claims, the Magistrate relied on *Triplett v. Azordigan,* 570 F.2d 819 (8th Cir. 1978). In *Triplett,* a complaint against a county prosecutor (O'Brien), alleging the deprivation of constitutional rights in use of illegal evidence to obtain a conviction, was dismissed pursuant to F.R. C.P. 12(c). The Court said:

> *There is no allegation* that O'Brien knew that the subsequent trial of appellant would be lacking in any element of due process and the court will not presume such knowledge. ... A defendant will not be held liable under 42 U.S.C. § 1983 unless he was personally involved in causing the deprivation of a constitutional right or he either has or is charged with having actual knowledge that his subordinates are causing deprivation of constitutional rights.

*Id.* at 822–23 (emphasis added; citations omitted). In the abstract, such language would appear to suggest that an affirmative allegation of a superior's knowledge of, or participation in subordinate's misconduct is a requirement for a properly pleaded claim under section 1983 against the supervisor.

In context, however, that is not what *Triplett* holds. The complaint in that case affirmatively disclosed that the Plaintiff had been tried on the illegal evidence *in an adjoining county,* one in which O'Brien had no jurisdiction. *Id.* at 821. Thus, in affirming dismissal of the complaint, the Court also said:

> O'Brien was in no way involved in that trial and had no authority over the persons in charge of the prosecution of appellant in Plymouth County.

*Id.* at 823. Thus it was *not the failure to specifically allege O'Brien's knowledge of, or participation in a subordinate's misconduct* that led to dismissal, but it was the additional allegations, amounting to the plaintiff's admission that O'Brien had no control over whatever misconduct did occur, which led the Court to conclude that O'Brien could not be held liable in any event.

Viewed in this light, *Triplett* must be considered inapposite the present case. Without doing violence to the Complaint, herein, it is conceivable that each of the named Defendants might be determined to have been in a position of authority and control with respect to the subordinates or instrumentalities who actually created the circumstances, or undertook the conduct of which Plaintiff complains. Although *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) precludes a finding that these Defendants might be held vicariously liable for the actions of subordinates by *respondeat superior* (i. e., in the absence of actual fault), there is nothing in *Monell* or *in the Complaint, herein, which would preclude* a finding of primary liability against the Defendants, either by virtue of their participation in, or their knowing acquiescence in the customs and usages of Ohio's prison system and/or parole programs (which in turn might effectively have created the circumstances and sanctioned the conduct of which Plaintiff complains).

Indeed, *Monell* specifically contemplated that kind of fault as a basis for section 1983 liability, at least on the part of *local government officials,* even though *respondeat superior* was deemed inappropriate. *Id.* at 690–91, 690 n.55, 98 S.Ct. at 2035. To the extent that Eleventh Amendment immunity, of which *state* officials sometimes partake, does not prevent holding them answerable, herein, *see Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Poindexter v. Greinhow,* 114 U.S. 270, 5 S.Ct. 903, 29 L.Ed. 185 (1885), it follows that the same kind of fault may serve as a basis for liability on the part of any of these Defendants. A plaintiff need not plead the absence of immunity, at least where such immunity is not absolute, in an action brought under section 1983. *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

For the forestated reasons, the Court finds no basis upon which it might be con-

cluded that Plaintiff cannot proceed on his Complaint against the *named Defendants*, for lack of specific allegation of their participation in, or knowledge of the alleged misconduct. The Magistrate's recommendation of dismissal, based on such conclusion, is therefore rejected.

The balance of Defendant's motion is also without merit.

■ Even a *grudging* interpretation of Plaintiff's first claim (which is inappropriate on a motion under F.R.C.P. 12(b)(6), *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), suggests much more than mere "dissatisfaction" with the adequacy of medical treatment actually received. Rather, the allegations in the Complaint indicate nothing less than deliberate indifference to Plaintiff's medical condition, unnecessary aggravation of same, and undue suffering resulting from extended denial of medical treatment. Plaintiff has adequately stated a constitutional claim for which relief may be granted in this part of the Complaint. *See Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

■ Although parole authorities sometimes exercise quasi-judicial functions, and are deserving of immunity against liability for unconstitutional conduct in pursuing such activities, *cf. Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the Court notes that said immunity is not absolute, and that state parole authorities are at least amenable to suit under section 1983 for "nonadjudicatory activities." *Morrow v. Igleburger*, 67 F.R.D. 675, 683 (S.D.Ohio 1974); *Joyce v. Gilligan*, 383 F.Supp. 1028 (N.D.Ohio 1974), *aff'd.* 510 F.2d 973 (6th Cir. 1975); *Jones v. Johnson*, 402 F.Supp. 992 (E.D.Pa.1975); *Palermo v. Rockefeller*, 323 F.Supp. 478 (S.D.N.Y.1971). The Court cannot conclude at this point that the alleged threat of retaliation for participating in a legal action, or the alleged harassment and physical or psychological abuse in carrying out such threat, are part and parcel of any "adjudicatory activity." That such conduct might rise to the level of a constitutional deprivation (as an impermissible obstruction of justice and re-

striction on a prisoner's right of access to the judicial system) appears to be well settled. *Hudspeth v. Figgins*, 584 F.2d 1345, 1347–48 (4th Cir. 1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979); *Lingo v. Boone*, 402 F.Supp. 768, 774–75 (N.D.Cal.1975).

■ The Court emphasizes that dismissal of a complaint under F.R.C.P. 12(b)(6) is inappropriate unless relief under the complaint is, for all intents and purposes, inconceivable. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Where actionable facts are alleged, the Court must not assess the merits of the cause or the probability of success, which are matters unrelated to the sufficiency of the complaint. In this regard, the Court finds that the following language from *Scheuer v. Rhodes*, 416 U.S. 232, 250, 94 S.Ct. 1683, 1693, 40 L.Ed.2d 90 (1974), is particularly instructive:

The documents properly before the District Court at this early pleading stage specifically placed in issue whether the Governor and his subordinate officers were acting within the scope of their duties under the Constitution and laws of Ohio; whether they acted within the range of discretion permitted the holders of such office under Ohio law and whether they acted in good faith . . . Further proceedings, either by way of summary judgment or by trial on the merits, are required. The complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint.

We intimate no evaluation whatever as to the merits of the petitioner's claims or as to whether it will be possible to support them by proof. We hold only that, on the allegations of their respective complaints, they were entitled to have them judicially resolved.

The Magistrate's recommendation is rejected. By *de novo* determination, pursuant to 28 U.S.C. § 636(b)(1), *United States v. Raddatz*, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), the Defendants' motion, seeking an Order of the Court dismissing

the Complaint, is deemed to be not well taken and same is overruled in its entirety. The Defendants' motion seeking an Order of the Court staying discovery, pending the disposition of Defendants' motion to dismiss, is deemed to be moot and no decision will be entered, thereon.

The captioned cause will remain upon the Magistrate's docket pursuant to this Court's original order of reference. The Defendants must answer or otherwise motion the Plaintiff's complaint within twenty (20) days from the date of receipt of notice of this decision.