Arnold Craig CASE, Plaintiff,

v.

Judge Lee A. BIXLER, et al., Defendants.

No. C–3–79–337.

United States District Court, S. D. Ohio, W. D.

July 30, 1981.

Arnold Craig Case, pro se.

Robert N. Wistner, Dublin, Ohio, Thomas C. Hanes, Greenville, Ohio, for defendants.

DECISION AND ENTRY SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; TRIABLE ISSUES SET FORTH; OBSERVATIONS MADE ON PRESENT STATE OF DISCOVERY; MOTION FOR APPOINTED COUNSEL DENIED; TRIAL DATE SUGGESTED

RICE, District Judge.

Based upon the reasoning set forth below, this Court sustains in part and overrules in part the motion of the Defendants seeking an order of the Court granting summary judgment in their favor and against the Plaintiff herein.

In consideration of the aforesaid motion, this Court has taken into account the materials attached to the Defendants' motion as well as the Plaintiff's deposition taken by the Defendants, as upon cross-examination, on October 24, 1980. Based upon said documentation, submitted pursuant to Federal Rules of Civil Procedure 56, the Court makes the following non-exclusive observations:

1. There is no genuine issue of material fact as to the Plaintiff's claim against the remaining Defendants for loss of his personal property. Therefore, summary judgment is entered in favor of said moving

Defendants and against the Plaintiff on this issue.

The Plaintiff has conceded, in his deposition (at page 16) that he "don't know if it was all in the baggage when they extradited me. I assumed that it was. . . ." He doesn't know whether the missing items, in fact, were ever taken to the Darke County Jail. T-17. His assumption that they were is based upon the fact that the extraditing officers, Sullenbarger and Spencer, signed papers for the release of his property. He has no way of knowing whether the missing items (gold prescription glasses, a star sapphire ring, a Norelco electric razor and 16 inch high boots) were listed on said inventory. The Plaintiff's assumption that the items found their way into the Darke County Jail is countered by the affidavits of Robert Sullenbarger to the effect that he and Detective Spencer witnessed the Plaintiff signing a receipt at the bottom of an inventory sheet for various items of personal property given by the Wayne County, Indiana, jail authorities, which consisted of certain listed items of personal property and the contents of a black suitcase; the affidavit of Toby Spencer to the same effect, with the additional information that neither the inventory form prepared by the Wayne County Jail, when releasing the Plaintiff to the Darke County authorities, which was signed by the Plaintiff, or the Darke County Jail inventory which was filled out upon the Plaintiff's arrival at that facility, lists the property that the Plaintiff was allegedly missing; the affidavit of Sheriff James Irwin to the effect that he does not ever recall seeing the items of personal property alleged by the Plaintiff to have been lost or stolen while at the Darke County Jail; and the answer by Sheriff James Irwin to Interrogatory No. 8 contained in Plaintiff's second set of interrogatories to the effect that the Plaintiff signed a receipt acknowledging that the inventory was correct after said inventory was taken upon his arrival at the Darke County Jail. In opposition to the foregoing four positive representations attached to Defendants' Motion for Summary Judgment, the Plaintiff, as has been stated aforesaid, has responded with a statement of his assumption that the property did, in fact, reach the Darke County Jail. Same is simply not sufficient to withstand a Motion for Summary Judgment. The Plaintiff's statement, contained in his deposition, construed in the manner most favorable to him, amounts to no more than an inference upon an inference, to wit: he had the property in his possession when he was arrested by the Wayne County, Indiana, authorities; from which statement it is inferred that the property was properly inventoried at the Wayne County Jail; from which inference another inference is based, to the effect that the property was transferred from the Wayne County Jail to the extraditing authorities from Darke County, Ohio, and finally, based upon the aforesaid two inferences, a further inference is made that the property was received at the Darke County Jail and properly inventoried.

Finally, the Plaintiff's deposition makes no specific allegation against the remaining Defendants, Irwin or Knick, with respect to the missing property.

■ 2. In their very well written memorandum, filed in support of the Defendants' Motion for Summary Judgment, counsel speak in terms of the *more credible evidence* warranting the granting of the Defendants' Motion for Summary Judgment. This statement is made by counsel, as the result of a painstaking analysis of the statements of Plaintiff in his deposition, as said statements are controverted by certain affidavits, answers to interrogatories, et cetera, submitted in support of their Motion for Summary Judgment.

Defendants' counsel misunderstand the purpose of a motion for summary judgment. A motion for summary judgment can be granted only if, having construed the evidence in a manner most favorable to the party against whom the motion is directed (the Plaintiff), there exists no genuine issues as to material fact on a specific point. It is axiomatic that it is not the function of a trial court to weigh the credibility of witnesses or evidence when determining a

motion for summary judgment. In this case, as is conceded by the Defendants, the Plaintiff's allegations are directly controverted by the Defendants' submissions. An allegation controverted by a submission filed pursuant to Federal Rules of Civil Procedure 56 adds up to a genuine issue of material fact which can only be resolved in a trial setting. In short, an allegation countered by an affidavit, et cetera, does not produce a "no genuine issue as to a material fact" situation, such as would warrant the granting of the Defendants' Motion for Summary Judgment on the issue of denial of medical care. The Court simply is not allowed to weigh the evidence, as it exists at the present time, in order to determine which parties' evidence is more credible or more likely to be believed at trial.

 As to the law applicable to this branch of the Defendants' Motion for Summary Judgment (denial of medical care), the Plaintiff indicates, at page nine of his deposition, that Sullenbarger and Spencer were advised that he was on medication when he was extradited from the Wayne County, Indiana, jail. These representatives of Darke County did not take his medication along as they claimed he was not allowed to have it. According to the Plaintiff, he asked Sheriff Irwin, and various deputies and jail helpers, for medical care, on at least a twice weekly basis from the day he was checked into the Darke County Jail, until such time as he was finally granted medical care sometime later. T–10. Assuming, arguendo, the truth of the Plaintiff's statements, said facts certainly constitute acts or omissions sufficiently harmful to evidence deliberate indifference to what may well be a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This Court is unable, at this time, to take judicial notice or, since the present posture involves only a ruling on a Motion for Summary Judgment, to make a finding of fact that a boil, in full flower, is not a serious medical condition. See also *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976) and *McDaniel v. Rhodes*, 512 F.Supp. 117 (1981).

Several other matters, in the nature of loose ends, remain to be discussed, to wit:

1. The Plaintiff has objected to the deposition taken of him on October 24, 1980, for the reason that the Court Reporter allegedly did not administer the oath until midway in the deposition. This Court will overrule the Plaintiff's objection to said deposition. First, the Plaintiff's objection is contained in a letter. The Court Reporter has signed an affidavit attesting to the fact that the oath was administered, in proper fashion, prior to the commencement of question. Second, this Court would remind the Plaintiff that, were it to strike the deposition, the Plaintiff would have failed to respond to the Defendants' Motion for Summary Judgment, in a manner set forth by Civil Rule 56(c). The Court would be left with no alternative, pursuant to Federal Rules of Civil Procedure 56(e), other than to grant the Defendants' motion in its entirety.

 2. The Plaintiff has asked this Court to appoint counsel to represent him in this litigation. He has suggested counsel Marilyn Lorton of Greenville. Although there is no authority requiring this Court to appoint counsel in a civil case of this nature, this Court did attempt to contact Attorney Lorton but was unsuccessful as said counsel has apparently left her former Greenville address with no forwarding address being left behind.

The Motion for Appointment of Counsel is denied.

3. The Plaintiff has filed certain discovery requests which were referred to in his letter to this Court, dated October 10, 1980, responding to this Court's October 3rd letter, requesting the parties to indicate the status of pending discovery requests. Although, in said letter, the Plaintiff indicated that his requests had not been answered by the Defendants, the Court's review of the materials appended to the Defendants' Motion for Summary Judgment suggests otherwise. It appears that requests of various medical facilities for hospital records and requests on the Defendants to respond to interrogatories have been

honored. At any rate, there is no pending discovery motion, pursuant to Federal Rules of Civil Procedure 37, upon which this Court could take action, even assuming, arguendo, that the discovery requests have not been completely honored.

4. Trial will, therefore, have to be held upon the Plaintiff's allegation of denial of medical care. This trial will be held before a jury sitting as the trier of fact. This Court would suggest a trial date of March 8, 1982. It is assumed that this date is convenient with the Plaintiff. Defendants' counsel should advise this Court, within fourteen (14) days from date of receipt of notice of this opinion, as to whether the March 8th trial date is convenient. Assuming same is a convenient date, a final pretrial statement, individually prepared, is due in this Court's office no later than the close of business on Friday, February 26, 1982. Said Final Pretrial Order should follow the format suggested in the materials sent with notice of this opinion, save and excepting the fact that the pretrial order is to be individually as opposed to jointly prepared. There will be no Final Pretrial Conference in this matter due to the fact of the Plaintiff's incarceration.

The date to reveal identity of all witnesses, together with a brief synopsis of their testimony is January 15, 1982.

The parties are ordered to "cut off" discovery thirty days in advance of the trial date, to wit: February 5, 1982. This "cut off" date is inflexible and can only be modified by agreement of counsel or by the Court, upon a filing of a motion showing good cause. For purposes of this pretrial order, the term "discovery" includes any depositions taken for perpetuation of testimony purposes and sought to be used at trial.

Leave of Court is granted to file whatever motions not directed to pleadings deemed necessary not later than January 15, 1982.

WHEREFORE, based upon the aforesaid, this Court sustains the Defendants' Motion for Summary Judgment as it pertains to the Plaintiff's loss of property claim, but overrules the Defendants' Motion as it applies to the Plaintiff's allegation of denial of medical care.