I am of the opinion that mere allegations of bad faith should not strip parole officials of their immunity for acts committed in the course of their duties. In fact, parole officials should be protected by the same absolute immunity afforded judges, because the function of the parole board is more akin to that of a judge than to that of an administrative officer. Pate v.Alabama Board of Pardons Paroles, 409 F. Supp. 478 (M.D. Ala. 1976).
In Pate, plaintiff, whose minor daughter was allegedly raped and killed by an Alabama parolee, brought a civil rights action against the Alabama Board of Pardons and Paroles and three members thereof, who were charged with misfeasance, nonfeasance, and malfeasance in the performance of their official duties. United States District Judge Varner held that the Board of Pardons and Paroles was immune from suit by virtue of the Eleventh Amendment and the doctrine of official immunity, and that members of the Board were absolutely immune from liability under the Civil Rights Act; therefore, he granted the defendants' *Page 1193 
motion to dismiss. Judge Varner wrote, as follows:
 "As to Defendant, Alabama Board of Pardons and Paroles, it is the opinion of this Court that the said Board is immune from suit by virtue of the Eleventh Amendment to the Constitution of the United States and the doctrine of official immunity.
 "Defendants Lambert, Robinson and Ussery are charged with misfeasance, nonfeasance and malfeasance in the performance of their official duties. There has been a strong tendency in the courts to grant to parole and probation officials an immunity from suit under 42 U.S.C. § 1983 similar to that granted to judges on the ground that such officials, when performing their official duties, are engaged in `quasi-judicial' activities. Burkes v. Callion, 433 F.2d 318 (9th Cir. 1970), cert. den. 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971); Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), cert. den. 394 U.S. 990, 89 S.Ct. 1477, 22 L.Ed.2d 765 (1969).
 "The complaint herein alleges, not only negligence but also, reckless willfulness and wantonness. There is dictum in some lower court cases that an allegation of bad faith, coupled with a substantial showing thereof, might strip parole officials of their immunity for acts committed in the course of their duties. Joyce v. Gilligan, 383 F. Supp. 1028 (ND Ohio, 1974), affm'd. without opinion 510 F.2d 973 (6th Cir. 1975). Upon consideration of the reasons supporting immunity, however, this Court concludes that parole officials should be protected by the same absolute immunity afforded judges for acts resulting from the performance of their official duties.
 "Parole officials bear a more than ordinary responsibility because of the dangerous traits already demonstrated by those with whom they must deal. This responsibility imposes far greater moral burdens and requires far more difficult legal choices than those met by the average administrative officer. The function of the Parole Board is more nearly akin to that of a judge in imposing sentence and granting or denying probation than it is to that of an executive administrator. It is essential to the proper administration of criminal justice that those who determine whether an individual shall remain incarcerated or be set free should do so without concern over possible personal liability at law for such criminal acts as some parolee will inevitably commit; in other words, that such officials should be able to exercise independent judgment without pressure of personal liability for acts of the subject of their deliberations."
As a footnote to this last quoted paragraph, Judge Varner added:
 "The system of rehabilitation practiced in this country, involving probation, parole, and pardon, could not be effective if those burdened with the decisions incident thereto were subjected to personal liability for mistakes, the occurrence of which is inherent to the system."
409 F. Supp. at 479.
I am of the opinion that parole officials should be protected by the same absolute immunity afforded judges for acts resulting from the performance of their official duties; therefore, I believe that Pate sets out the correct principle of law which this Court should follow in determining whether plaintiff has stated a cause of action under state or federal law. Why do I believe that parole officials are protected by absolute immunity? How broad is that immunity? In my opinion, immunity is necessary, because of the reasons set out in Pate, and it is as broad as that immunity set out in Stump v.Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). In Stump, an Indiana circuit judge approved a petition filed by the mother of a 15-year-old daughter to have her daughter sterilized. The daughter later filed suit against the judge. He claimed judicial immunity. The Supreme Court of the United States held:
 "The governing principle of law is well established and is not questioned by the *Page 1194 
parties. As early as 1872, the Court recognized that it was `a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.' Bradley v. Fisher, [80 U.S. (13 Wall.) 335], at 347 [20 L.Ed. 646]. For that reason the Court held that `judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' 13 Wall., at 341. Later we held that this doctrine of judicial immunity was applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle. Pierson v. Ray, 386 U.S. 547 [87 S.Ct. 1213, 18 L.Ed.2d 288] (1967).
 "The Court of Appeals correctly recognized that the necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him. Because `some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction . . .,' Bradley, supra, [80 U.S.] at 352, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the `clear absence of all jurisdiction.' 13 Wall., at 351."
I am of the opinion that Donahoo's complaint, on its face, shows that she is not claiming that the parole officials acted in the "clear absence of jurisdiction." Consequently, I would dismiss her complaint on this ground.
Needless to say, Alabama law is not settled on when and under what circumstances a public official can be sued when an injury results as a consequence of his act, while he is acting in his capacity as a public official. In Unzicker v. State,346 So.2d 931 (Ala. 1977), this Court permitted a declaratory judgment action to be filed against state officials to have the rights under a deed declared, and to have a mineral lease from the state declared void. The action was grounded on allegations that the officials had acted fraudulently and beyond their authority. Similarly, I authored an opinion in Rigby v. AuburnUniversity, 448 So.2d 345 (Ala. 1984), in which a police officer sought an injunction to compel the University to pay him a salary that conformed with the University compensation for his job classification. This Court held that the agents of the University were not protected by sovereign immunity where the officer alleged that the agents were guilty of fraud and bad faith and had acted beyond their authority. In Sellers v.Thompson, 452 So.2d 460 (Ala. 1984), the widow of a victim of a murder committed by a paroled prisoner filed suit against individual members of the Board of Pardons and Paroles. On appeal, this Court held that: (1) the members could invoke the discretionary function immunity to preclude personal liability for their allegedly negligent or wanton parole of the prisoner; (2) the Board members did not exceed their statutory authority in paroling the prisoner without first obtaining and reviewing a psychiatric report on him and, therefore, they could claim the discretionary function immunity; and (3) the members who voted to parole the prisoner were immune from personal liability under the federal Civil Rights Act of 1871.
Even though the 38-page complaint in this case alleges that the parole officers "acted either in bad faith, beyond and in excess of their authority or under a mistaken impression of the law when they prematurely and illegally released [the two inmates]," the factual allegations in the complaint, construing them most favorably in favor of the plaintiff, claim only that the *Page 1195 
parole officials, based on the inmates' records, should not have released them. I do not believe the facts alleged in this complaint are materially different from those alleged inSellers v. Thompson, supra. In Sellers, after examining the allegations made to support plaintiff's claim, this Court held that no claim was stated. Although Pate, supra, was not cited as authority in support of the denial of plaintiff's state claim, Pate was favorably cited as authority for denial of plaintiff's federal claim. I am of the opinion that this Court should adopt the principle of law in Pate that parole officers
have absolute immunity, and this rule should be adopted as a rule to apply to suits against parole officers under Alabama law.
Construing the allegations of the complaint most strongly in favor of the pleader to determine whether the plaintiff could prove any set of facts in support of her claim which would entitle her to relief, I think that the trial court did not err in granting the defendants' motion to dismiss.
JONES and SHORES, JJ., concur.