782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD CLARENCE POWELL, Plaintiff-Appellant,
v.
JAMES L. KELLEY and BENJAMIN TAYLOR, Defendants-Appellee.
 83-1346
 United States Court of Appeals, Sixth Circuit.
 12/23/85
 
 BEFORE: KEITH, KRUPANSKY and EDWARDS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Richard Powell, appeals from a district court order granting summary judgment to appellees, Sheriff James Kelley and inmate Benjamin Taylor.[1] Appellant filed an in forma pauperis suit against Sheriff Kelley under 42 U.S.C. Sec. 1983 and a common-law tort action against Taylor alleging physical and constitutional injuries arising from incidents in the Saginaw County Jail during appellant's pre-trial detention. The Magistrate submitted a Report and Recommendation recommending that the complaint against both Sheriff Kelley and inmate Taylor be dismissed for failure to state a claim upon which relief can be granted. The district court accepted and adopted the Magistrate's recommendations and dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, appellant argues that his pro se complaint is sufficiently framed to state a claim against appellees. For the reasons set forth below, we reverse and remand this case to the district court for further proceedings.
 
 I.
 
 2
 Plaintiff-appellant filed suit in the Eastern District of Michigan on October 6, 1982. The appellant's complaint sets forth two causes of action against the administator of the jail, Sheriff Kelley. Powell first claims that the personal injury he suffered from an attack by inmate Taylor was the result of improper screening and classification of incoming inmates. Appellant next claims that authorities at the jail opened his incoming legal mail out of his presence. Appellant's cause of action against inmate Taylor alleges that Taylor threw a burning newspaper on him, which resulted in third degree burns to his right arm.
 
 
 3
 In the prisoner civil rights complaint form provided to appellant, appellant briefly stated the 'facts' of his claim as follows:
 
 
 4
 On August 18, 1982, Benjamin Taylor was lodged in the cell next to mine, he was under the influence of some type of drugs. He began throwing water and urine in my cell and soaked my bedding. He then lit up a wad of newspapers and tried to burn our beds, mine and fellow cell mates. The fire was thrown and caused third degree burns on my right arm, which will leave bad scars if it heals. Sheriff Kelley should not have allowed me to be subjected to this type of treatment. I am a pretrial detainee and doing county time for a N.S.F. check, his improper screening and classification of incoming inmates led to this attack on me. Minimum--medium--maximum prisoners are all housed in the same cells. They also open all incoming legal mail out of my presence which is illegal.
 
 
 5
 Powell requested $100,000 in damages for his injury and $100,000 in 'punitive damages' for violations of his civil rights.
 
 
 6
 In response to appellant's complaint, Sheriff Kelley filed a motion to dismiss and the district court referred the case to a Magistrate. After the Magistrate issued his report recommending dismissal, appellant filed an Objection to the Magistrate's Recommendation (hereafter 'Objection'). In the Objection, appellant reiterated the facts which he contended comprised a claim upon which relief could be granted. Specifically, appellant stated that at the time of the incident, he was housed in a cell with seven other detainees. Appellee inmate Taylor was placed in an adjoining cell separated by widely spaced bars. The Objection further stated that during the day and night of the incident, appellee Taylor set several fires, but he was not removed as requested by the inmates in the adjoining cell.
 
 
 7
 Appellant's Objection also noted that he had submitted seven signed and notarized statements of witnesses to the facts of the incident, that Sheriff Kelley had been notified of the danger inherent in housing drunk or mentally impaired detainees with others, and that numerous assaults had occurred because of the procedure. Appellant further objected to the Magistrate's report on the ground that he had shown that assaults, such as the incident he suffered, are a recurring event at the jail because of overcrowding. The district court adopted the Magistrate's recommendation that appellant's claim be dismissed for failure to state a claim and dismissed the complaint under Fed. R. Civ. P. 12(b)(6).
 
 II.
 
 8
 The Supreme Court requires that pro se complaints be accorded more leniency when reviewed in light of a motion to dismiss. Estelle v. Gamble, 429 U.S. 97 (1976). Moreover, in Haines v. Kerner, 404 U.S. 519 (1972), the court held that a complaint is sufficiently pleaded to survive a Rule 12(b)(6) motion to dismiss if from the face of the pleading it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. at 520-21. Applying these standards, we find that the District Court improperly dismissed appellant's complaint.
 
 
 9
 In his pro se brief on appeal to this Court, appellant raises the additional issue of adequate medical care and states that his condition was exacerbated by the denial of immediate medical attention until four days after the incident. This issue was not raised in appellant's complaint and, therefore, is not before us on appeal.
 
 
 10
 A valid claim under Sec. 1983 must allege that the defendant deprived the plaintiff of a right secured by the Constitution, while acting under color of state law, Monroe v. Pape, 365 U.S. 167 (1961). Specifically, the claim must show that the defendants' acts or omissions were sufficiently harmful to evidence deliberate indifference to the plaintiff's physical well-being, Estate v. Gamble, 429 U.S. at 106. In his report, the Magistrate states that 'given the isolated nature of the attack and no allegations to the contrary from the plaintiff . . . plaintiff has not alleged a pervasive atmosphere of violence at the jail which would make his claim actionable.' We do not agree.
 
 
 11
 In his pleading, Appellant submitted evidence showing that Sheriff Kelley was the Administrator of the Saginaw County Jail at the time of the incident. Appellant's complaint blames Sheriff Kelley for 'improper screening and classification of incoming inmates' because 'minimum-medium-maximum [security] prisoners are all housed in the same cells'. Additional facts alleged in subsequent pleadings submitted by appellant contend that appellee Kelley received several complaints about the dangers associated with this practice and that several other incidents had occurred before appellee inmate Taylor assaulted and injured appellant. Moreover, appellant alleges that the conditions--the atmosphere--of the jail created by appellee Sheriff Kelley's procedures led to the attack and his subsequent injuries. We find that these allegations state a legal claim that appellee Sheriff Kelley violated Powell's Eighth Amendment right to be free from cruel and unusual punishment. Therefore, appellant has alleged a right secured by the Constitution.
 
 
 12
 Appellee Sheriff Kelley argues that his direct participation or presence was necessary for a 42 U.S.C. 1983 action. However, appellant does not allege liability against Sheriff Kelley on a respondeat-superior theory. Instead, appellant seeks recovery from the individual primarily responsible for the conditions that gave rise to his injuries. Such a theory was expressly approved in McDaniel v. Rhodes, 512 F.Supp. 117 (S.D. Ohio 1981). See Procunier v. Navarette, 434 U.S. 555 (1982). In our view, appellant has set forth sufficient facts to state a claim under 42 U.S.C. 1983 that appellant's Constitutional rights were violated by appellee Sheriff Kelley while acting under color of state law.
 
 
 13
 Finally, a prisoner's claim under the Eighth Amendment also requires allegations of callous or deliberate indifference toward the plaintiff's physical well being. Estelle v. Gamble, 429 U.S. 97 (1976). The focus of this inquiry centers on individual motives and reactions. Williams v. Bennett, 689 F.2d 1370 (5th Cir. 1982). Based on appellant's complaint, it does not appear 'beyond doubt that plaintiff can prove no set of facts' that Sheriff Kelley's omissions were callous or deliberately indifferent toward appellant's physical well being. Thus, appellant has alleged a valid claim under Sec. 1983.
 
 
 14
 Sheriff Kelley also argues that the opening of appellant's mail was not a Constitutional violation. Moreover, appellee Kelley argues that assuming a Constitutional violation, there is no allegation that he personally opened the mail or ordered that the mail be opened. We also find this argument to be without merit.
 
 
 15
 Mail between an attorney and his or her client, is protected from the opening and review by jail authorities. Although authorities may open legal mail to look for contraband, they must do so in the presence of the prisoner to whom the letter is addressed. See, e.g., Wolf v. McDonnell, 418 U.S. 539 (1974); Smith v. Robbins, 454 F.2d 696 (1st Cir. 1972). Appellant alleged in his complaint that jail authorities illegally opened mail from his attorney out of his presence. He correctly alleges that this practice is illegal. That appellant does not specifically aver appellant Sheriff Kelley personally opened his legal mail, should not result in outright dismissal of appellant's claim. McDaniel, supra, 512 F.Supp. at 117.
 
 
 16
 Appellee Sheriff Kelley was the Administrator of the jail and he is charged with developing and implementing its procedures. While appellee Kelley may not be responsible for the isolated, malicious act of an employee, he is accountable for Constitutional violations that occur in the jail that are the result of institution-wide practices. Given the lenient standard afforded to pro se Complaints, we conclude appellant stated a cognizable claim sufficiently pleaded to withstand initial review under Fed. R. Civ. P. 12(b)(6).
 
 
 17
 Finally, we address the district court's dismissal of appellant's claim with respect to appellee inmate Taylor. Appellant alleges that Taylor threw a burning newspaper on him which resulted in third degree burns to his right arm. The district court dismissed appellant's Section 1983 cause of action against Taylor since appellee Taylor was not acting under color of state law when he injured appellant. We find, however, that the Complaint states a cognizable common law tort claim against appellee Taylor. We nevertheless leave for the district court on remand the task of initially determining whether it may properly exercise jurisdiction over appellant's tort action against appellee Taylor pendent to its entertaining appellant's Section 1983 action against appellee Sheriff Kelley.
 
 
 18
 Accordingly, although we intimate no view whatsoever on the merits of petitioner's allegations, we reverse and remand this case to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 Appellee Taylor did not enter an appearance or answer the Complaint before the lower court. However, the district court dismissed the claim against him